Curia, per Bxjtler, J.
The principal obligor had forty days, within which he might file his schedule. The whole of that time was his, under the condition of the bond. The obligee could not compel him to select the first, any more than the last, of that period. In this-respect, his own will and option gave him a control over his *323 obligation. Within the last ten days of the time, he was taken ill, and after the expiration of the forty days he died, without complying with the requisition of his bond. Should this illness, as an act of God, be regarded as sufficient, in the contemplation of law, to prevent the forfeiture of the bond'! It seemed to be conceded, that if the obligor had died within the time, the surety would have been discharged from all liability; but it was denied that mere disease, which might or- might not alfect the principal’s ability to make out his schedule, would have the same effect. Disease is of different degrees, and may or may not amount to legal excuse for the non-compliance with the condition of a bond, depending on its violence and duration. The general presumption of the law should be, that whilst there is life, there is capacity to attend to the duties of legal obligation. The onus must always be on the defendant, to make such a shewing as to exonerate him on account of illness. It must be an actual illness that suspends the capacity to perform legal duties, or it must be such as would obviously put one’s life in jeopardy, by an attempt to perform a particular act. The following cases are illustrations of these general principles. “ Debt upon obligation. The defendant said that it is indorsed upon condition, that if J. S. comes to L. before such a feast, and brings two sureties with him,, to be bound to plaintiff in £40, that then, &c., and that before said feast J. S. died ; judgment, <fec. and a good plea. And as to the time before the feast, it is not material; for all this time is the defendant’s, and if he does it in the vigil of the feast, it is sufficient5 Viner Abr. 231, pi. 20. Again, “ if a man covenants to build an house before such a day, and after the plague is there before the day, and continues there till after the day, this shall excuse him for the breach of the covenant for the not doing thereof before the day; for the law will not compel a man to venture his life for it, but he may do it after.” 5 Yiner Abr. 229, pi. 10.
In the case before the court, the circuit Judge gave his judgment on the assumption that the obligor’s illness, within the last ten days for the filing of the schedule, was *324 of such a character as to incapacitate him from performing the condition of his obligation. And he seems to have come to the conclusion, that this was not sufficient to prevent the forfeiture of his bond — holding that the condition could have been complied with at an earlier period of the specified time. We think that this view cannot, consistently with the principles which have been stated, be sustained. In reversing the judgment below, it is thought prudent to order the case back for a new trial, as there may be some mistake of the facts, in what has been decided on the circuit.
Motion for new trial granted.
Evans, Wardlaw and Frost, JJ. concurred,
Richardson, J. absent from indisposition.